1

2

3

4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    L.F., A MINOR, BY & THROUGH              Case No.  25-cv-03265-SVK
     PARENT SERGEY FIRSOV,
8
                   Plaintiff,
9                                             **ORDER DENYING MOTION TO**
           v.                                 **DISQUALIFY; UNSEALING AND**
10                                            **DENYING RENEWED APPLICATION**
                                              **TO PROCEED *IN FORMA PAUPERIS***
11   CHURCH OF SCIENTOLOGY OF
     SILICON VALLEY, et al.,                  Re: Dkt. Nos. 13, 14, 15
12
                   Defendants.
13         Minor plaintiff L.F. has initiated this case through his parent Sergey Firsov[1] against the

14   Church of Scientology of Silicon Valley and the Church of Scientology Mission of Silicon Valley.

15   Dkt. 1.  Plaintiff previously filed an application to proceed *in forma* pauperis ("IFP"), which this

16   Court denied without prejudice due to its failure to include Mr. Firsov's financial information as

17   Plaintiff's parent.  Dkts. 4, 12 (explaining that "where leave to proceed *in forma pauperis* is

18   sought to vindicate the alleged substantive rights of a minor, the financial resources of both the

19   minor and the volunteer parent should be considered…." (citation omitted)).  Plaintiff has timely

20   filed a renewed IFP application, (Dkt. 13), and shortly thereafter on May 16, 2025, Plaintiff re-

21   filed the IFP Application under seal, (Dkt. 14).  Also on May 16, 2025, Plaintiff filed a Motion to

22   Disqualify the undersigned from this case (the "Motion").  Dkt. 15.  The Court determines that the

23   IFP applications and the Motion are suitable for resolution without oral argument.  Civ. L.R. 7-

24   1(b).  Having considered Mr. Firsov's submissions, the relevant law and the record in this action,

25   the Court hereby **DENIES** the Motion and IFP Applications and **ORDERS** that the Clerk of the

26

27   _____

     [1] The Complaint and application to proceed *in forma pauperis* style Mr. Firsov as Plaintiff's
28   "parent & guardian *ad litem*."  *See* Dkt. 1.  That distinction is irrelevant for the purposes of this
     Order and Plaintiff's application.

1    Court shall unseal the IFP Application at Dkt. 14.

2    **I.      PLAINTIFF'S MOTION FOR DISQUALIFICATION IS DENIED**

3           **A.      LEGAL STANDARD**

4           Plaintiff's motion to disqualify is incorrectly brought under California Code of Civil

5    Procedure § 170.1, a statute that applies to the disqualification of state court judge.  *See* Dkt. 15 at

6    1-3;  *Firsov v. Alaska Airlines, Inc.*, No. 25-cv-02841-NW, Dkt. 19 at 2 (N.D. Cal. May 15, 2025).

7    Motions to disqualify federal magistrate judges fall under one of two statutory provisions:

8    28 U.S.C. § 144 and 28 U.S.C. § 455.  *Firsov v. JetBlue Airways Corp.*, No. 25-cv-3387-TSH,

9    Dkt. 15 at 1 (N.D. Cal. May 19, 2025);  *Williams v. McGraw-Hill, Inc.*, No. 10-cv-06062-GAF

10   (SHX), 2011 WL 13217366, at *2 n.19 (C.D. Cal. Jan. 19, 2011) (citing *In re Webster*, 382 F.2d

11   79, 82 (9th Cir. 1967).  Because the undersigned is a federal magistrate judge, the Court assesses

12   the Motion under 28 U.S.C. § 455.[2]

13          Under this statute, a federal judge must disqualify herself in "any proceeding in which

14   [her] impartiality might reasonably be questioned," including where she "has a personal bias or

15   prejudice concerning a party."  28 U.S.C. § 455.  The standard for disqualification is "whether a

16   reasonable person with knowledge of all the facts would conclude that the judge's impartiality

17   might reasonably be questioned."  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

18   Additionally, "the alleged bias must stem from an 'extrajudicial source.'"  *United States v.*

19   *Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540,

20   554-56 (1994)).  Thus, judicial rulings are not a valid basis for a motion for disqualification.  *See*

21   *Liteky*, 510 U.S. at 555;  *Firsov v. JetBlue Airways*, No. 25-cv-3387-TSH, Dkt. 15 at 2.

22          Finally, a "judge should not disqualify [herself] when the facts do not warrant

23   disqualification, as there is an equally compelling obligation not to recuse where it is not

24   appropriate."  *Firsov v. Alaska Airlines*, No. 25-cv-02841-NW, Dkt. 19 at 2 (citing *Holland*, 519

25

26   [2] 28 U.S.C. § 144 does not provide grounds for disqualification here because it requires the party
     seeking disqualification to "file[] a timely and sufficient affidavit that the judge before whom the
27   matter is pending has a personal bias or prejudice" concerning a party.  28 U.S.C. § 144.  Plaintiff
     has not filed such an affidavit here.  In any case, "the substantive test for personal bias or prejudice
28   is identical under 28 U.S.C. §§ 144 and 455."  *Firsov v. Alaska Airlines*, Dkt. 19 at 2 n.1 (citing
     *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980)).

United States District Court
Northern District of California

1    F.3d at 912).

2    **B.    DISCUSSION**

3        Plaintiff's raises two primary arguments for why the undersigned should recuse:  (1) that

4    Plaintiff's case is not proceeding as quickly as he would like;  and (2) that this Court has not *sua*

5    *sponte* ordered the Clerk to seal Plaintiff's IFP application.  Dkt. 15 at 1 (*e.g.*, "Defendants' were

6    served on 04/11/25, but summons still not ready.  30 days expired to cooperate with court," and

7    "Judge reviewed the case and not ordered court clerks to SEAL application of IFP.  Plaintiff

8    should not [have to] ask the court every time, this is [the] duty of the court to protect Plaintiff's

9    privacy.").  Plaintiff's memorandum of points and authorities reinforces these arguments,

10   contending that the undersigned has violated Plaintiff's right to privacy.  *See id.* at 2.

11       As to Plaintiff's first argument, the Court has not delayed and has proceeded through

12   Plaintiff's motions in an expeditious fashion.  Plaintiff filed his initial IFP Application on April

13   11, 2025, which the Court ruled on 18 days later.  Dkts. 4, 12.  The Court denied Plaintiff's

14   application without prejudice, giving him time to file a renewed IFP application.  Dkt. 12.  The

15   renewed application was not filed until May 8, 2025, with Plaintiff filing yet another renewed IFP

16   application on May 16, 2025, under seal.  It has now been 19 days to this ruling.  This Court, like

17   other Courts, "handles hundreds of cases and cannot move motions in front of others that have

18   been waiting for consideration without very good reason.  Sometimes it may take several months

19   for the Court to consider a motion."  *Harris v. Nevada Unemployment*, No. 24-cv-01870-DJA,

20   2025 WL 27771, at *2 (D. Nev. Jan. 2, 2025), *report and recommendation adopted*, No. 24-cv-

21   01870-JAD-DJA, 2025 WL 275620 (D. Nev. Jan. 22, 2025).  Simply put, litigation takes time; a

22   matter of weeks to consider each IFP application does not show bias or prejudice.  Contrary to

23   Plaintiff's suggestion, there is no "expir[ation]" date to "cooperate with [the] court."  Dkt. 15 at 1.

24       Plaintiff's second argument is incorrect because, in civil cases, it is Plaintiff's

25   responsibility to request that this Court seal documents by filing an administrative motion in

26   accordance with this District's local rules.  *See* Civ. L.R. 79-5.  Plaintiff has not filed any

27   administrative motions to seal any of the documents, including IFP applications, he has filed in

28   this case.  Accordingly, the Court has not acted extrajudicially in failing to *sua sponte* evaluate

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  and seal his documents;  rather, it has acted in accordance with this District's local rules.  This,

2  too, does not show bias or prejudice on the part of the undersigned.

3  Finally, Plaintiff has several other arguments that, although not fully developed, are

4  scattered throughout the Motion.  *See generally* Dkt. 15.  For the sake of completeness, the Court

5  briefly addresses them.

6  Plaintiff argues that the undersigned "show[ed a] lack of respect" by "[a]sking [Plaintiff] to

7  file AGAIN [the] same [IFP Application.]"  Dkt. 15 at 2.  The Court did not ask Plaintiff to file the

8  "same" application;  it gave him the opportunity to cure the deficiencies in his first application,

9  namely Plaintiff's failure to include the financial information of his parent, Mr. Firsov, as required

10  to consider an IFP application made by a minor.  Dkt. 12 at 2 (quoting *Cottingham for Washington*

11  *v. Bd. of Educ. of Emery Unified Sch. Dist.*, No. 93-cv-0824-DLJ, 1993 WL 79698, at *1 (N.D.

12  Cal. Mar. 15, 1993)).  This is not an "extrajudicial source" and does not show bias or prejudice.

13  Plaintiff argues that the undersigned erroneously required Mr. Firsov to answer the

14  questions on the IFP form and that "Mother or father should not [need to] file any additional

15  documents."  Dkt. 15 at 2.  This is, at best, an argument that the undersigned's opinion was legally

16  incorrect.  But, "while judicial rulings may constitute grounds for an eventual appeal, they are not

17  a valid basis for a motion for [disqualification or] recusal."  *Firsov v. JetBlue Airways*, 5-cv-3387-

18  TSH, Dkt. 15 at 2 (citing *Liteky*, 510 U.S. at 555).

19  Finally, Plaintiff argues that the undersigned "violated Amendments 5th and 4th to [the

20  United States Constitution because [of] distractions and improper questioning [that] interfered

21  with a fair hearing" in this case.  Dkt. 15 at 3.  Here, Plaintiff appears to be conflating this case

22  with one of many other cases Mr. Firsov has pursued in this District – no hearing has been

23  requested and no hearing has been held in this action.

24  In sum, no reasonable person could conclude that the undersigned's conduct in presiding

25  over this action has demonstrated bias or prejudice, or the appearance thereof, such as would

26  require disqualification or recusal.  Rather, the undersigned has acted in accordance with this

27  District's local rules, has ruled on Plaintiff's applications and motions expeditiously and,

28  exercising the Court's discretion, has provided Plaintiff with the chance to amend and renew his

4

United States District Court
Northern District of California

1  otherwise deficient IPF application.  Thus, the undersigned **DENIES** Plaintiff's motion for

2  disqualification.

3  **II.      PLAINTIFF HAS NOT PROPERLY SOUGHT TO SEAL HIS IFP APPLICATION**

4         On May 16, 2025, Plaintiff filed an IFP Application under seal in this action.  Dkt. 14.  The

5  sealed application is an amalgam of (1) Plaintiff's prior IFP application including his personal

6  financial information, (Dkt. 4), and (2) Plaintiff's father's, Mr. Firsov's, IFP affidavit including his

7  financial information (Dkt. 13).  The only difference is that the first page of each of the IFP

8  application and IFP affidavit in Dkt. 14 are marked "Confidential."

9         Courts recognize a "general right to inspect and copy public records and documents,

10  including judicial records and documents."  *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d

11  1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7

12  (1978).  Under this District's local rules, "[t]he public has a right of access to the Court's files."

13  Civ. L.R. 79-5(a).  Accordingly, ordinarily, "[a] party must file a motion to seal a document at the

14  same time that the party submits the document."  Civ. L.R. 79-5(b).  Such a motion must include

15  "a specific statement of the applicable legal standard and the reasons for keeping a document

16  under seal," as well as any necessary evidentiary support and a proposed order.  Civ. L.R. 79-5(c).

17  In other words, it is Plaintiff's burden to show that the information he seeks to seal meets either

18  the "compelling reasons" or "good cause" standard, as appropriate.  *See Ctr. For Auto Safety v.*

19  *Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Because Plaintiff has not filed such a motion,

20  the Court hereby **ORDERS** the Clerk to unseal Dkt. 14.

21         Moreover, even liberally construing Plaintiff's marking of Dkt. 14 as "confidential" as a

22  motion to seal the information therein, Plaintiff has not met either the "good cause" or

23  "compelling reasons" standard.  "[S]ealing motions must be narrowly tailored to seek sealing only

24  of sealable material.  … Merely stating that a party designated material as confidential is

25  insufficient by itself to seal a document."  *Comet Techs. USA, Inc. v. XP Power, LLC*, No. 20-CV-

26  06408-NC, 2022 WL 2442808, at *1 (N.D. Cal. July 1, 2022) (internal quotation marks and

27  citations omitted).  This is further bolstered by the fact that Plaintiff has not moved to seal either

28  Dkt. 4 or Dkt. 13, which contain the same substance together as Dkt. 14 and which remain a

1  matter of public record. For this independent reason, the Court could also order the Clerk to

2  unseal Dkt. 14.

3  **III.    PLAINTIFF'S IFP APPLICATIONS ARE DENIED**

4          The Court now turns to the merits of Plaintiff's IFP applications. As the Court previously

5  explained, a district court may authorize a plaintiff to proceed in forma pauperis if the court is

6  satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit. *See* 28

7  U.S.C. § (a)(1). "The right to proceed without prepayment of fees in a civil case is a privilege and

8  not a right." *Elmer v. Comm'r of Soc. Sec.*, No. 22-cv-01045-SAB, 2022 WL 5237463, at *1

9  (E.D. Cal. Sept. 21, 2022), *report and recommendation adopted,* No. 22-cv-1045-AWI-SAB, 2022

10 WL 9452375 (E.D. Cal. Oct. 14, 2022) (citing *Rowland v. California Men's Colony, Unit II Men's*

11 *Advisory Council*, 506 U.S. 194, 198 n.2 (1993)). "In order to proceed in court without

12 prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he 'is unable

13 to pay such fees or give security therefor.'" *Id.* (quoting 28 U.S.C. § 1915(a)(1)). Plaintiff has

14 now submitted such information, and the Court considers Plaintiff's financial information together

15 with that of his parent, Mr. Firsov.

16          Here, Plaintiff's application shows that his father is employed with a net income of

17 approximately $8,000 per month, and his mother is employed with a net income of $700 per

18 month. Dkt. 13 at 1-2; Dkt. 14 at 5-6. Plaintiff's father makes payments to prior spouses and to

19 his children totaling $4,500 per month, although $1,000 of that is paid to an "L.S. Firsov," who

20 appears to be the same as Plaintiff and thus may be discounted. *See* Dkt. 13 at 2-3; Dkt. 14 at 6-7;

21 *compare id.* with Dkt. 4 at 2 (Plaintiff receives "child support $1,000 per month"). Plaintiff's

22 father has other monthly expenses, including rent and food, totaling $4381. Dkt. 13 at 3; Dkt. 14

23 at 7. In total, after necessary expenses, Plaintiff and Mr. Firsov have approximately $819

24 remaining per month ($8,700 - $3,500 - $4,381). Thus, Plaintiff has not shown that he is unable to

25 pay the Court's filing fee.

26          Moreover, the Court's decision is bolstered by the fact that "other cases in this District also

27 show that [Mr. Firsov] recently has paid to fly internationally on multiple flights involving

28 himself, his family, and his dogs." *Firsov v. Austrian Airlines, Inc.*, No. 25-cv-03504-NC, Dkt. 17

at 1.  Furthermore, numerous other judges in this District across 9 other cases arising from Mr. Firsov's air travel have recently denied his IFP applications when presented with similar financial information.  *Firsov v. Alaska Airlines, Inc.*, No. 25-cv-02841-NW, Dkts. 15, 27;  *Firsov v. Frontier Airlines, Inc.*, No. 25-cv-02898-SVK, Dkts. 5, 13;  *Firsov v. SkyScanner, Inc.*, No. 25-cv-03198-DMR, Dkt. 16;  *Firsov v. JetBlue Airways Corp.*, No. 25-cv-03387-TSH, Dkt. 6;  *Firsov v. Austrian Airlines*, No. 25-cv-3504-NC, Dkt. 9;  *Firsov v. Scandanavian Airlines of N. Am.*, No. 25-cv-03691-KAW, Dkt. 6;  *Firsov v. United Airlines, Inc.*, No. 25-cv-03784-SVK;  *Firsov v. United Airlines, Inc.*, No. 25-cv-03903-DMR, Dkt. 9;  *Firsov v. Air Canada, Inc.*, No. 25-cv-04058-LJC, Dkt. 4.  This Court agrees with the findings of other cases in this District that Plaintiff "has not shown that he could not afford to pay the Court filing if [Mr. Firsov] adjusted or deferred other of his discretionary expenses."  *E.g.*, *Firsov v. Alaska Airlines, Inc.*, No. 25-cv-02841-NW, Dkt. 15 at 2.  The Court **DENIES** Plaintiff's IFP applications.

## IV.    CONCLUSION

For the forgoing reasons, the Court **DENIES** Plaintiff's Motion to Disqualify the undersigned, **DIRECTS** the Clerk of the Court to unseal Dkt. 14 and **DENIES** Plaintiff's IFP applications (Dkts. 13-14).

In the interest of justice, the Court now re-sets the deadline for Plaintiff to pay the filing fee.  Plaintiff must pay the fee by **June 26, 2025**.  If he fails to do so, the Court will issue an order that this case be reassigned to a District Judge with a recommendation that the case be dismissed without prejudice.

**SO ORDERED.**

Dated: June 5, 2025.


SUSAN VAN KEULEN
United States Magistrate Judge