# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LEONID FIRSOV, MINOR, BY & THROUGH PARENT SERGEY FIRSOV,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH OF SCIENTOLOGY OF SILICON VALLEY, et al.,<br><br>Defendants. | Case No.  5:25-cv-03265-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT**<br><br>[Re:  ECF No. 17] |

Plaintiff Leonid Firsov is proceeding in this matter *pro se* by and through his parent Sergey Firsov.  Plaintiff has moved to withdraw consent to magistrate judge jurisdiction.  Dkt. No. 17 ("Mot.").  For the following reasons, the Court DENIES Plaintiff's motion to withdraw consent.

**I.    BACKGROUND**

Minor Plaintiff Leonid Firsov filed this action on April 11, 2025 against Defendants Church of Scientology of Silicon Valley and Church of Scientology Mission of Silicon Valley. Dkt. No. 1 ("Compl.").  On the same day, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP"), Dkt. No. 4, and a document consenting to proceed before a United States Magistrate Judge, Dkt. No. 5.

Magistrate Judge Susan van Keulen denied Plaintiff's IFP motion on April 29, 2025, explaining that "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian *at litem* should be considered in determining ability to pay the costs of litigation."  Dkt. No. 12 at 2 (quoting *Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist.*, No. 93-cv-0824, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993)).  Because Plaintiff's

1  IFP application contained information only for himself, the Court denied the application without
2  prejudice to Plaintiff renewing the application with an attached affidavit regarding the financial
3  information of his parent/asserted guardian *ad litem* Sergey Firsov. *Id.*
4        Plaintiff submitted the required financial information and also moved to disqualify Judge
5  van Keulen. Dkt. Nos. 13, 14, 15. Thereafter, Judge van Keulen again denied Plaintiff's request
6  to proceed *in forma pauperis* because the supplemental financial information indicated that
7  Plaintiff was not qualified to proceed IFP. Dkt. No. 16 at 6–7. Judge van Keulen also denied his
8  motion to disqualify her. *Id.* at 2–5. A few days later, Plaintiff filed the present motion to
9  withdraw consent. Dkt. No. 17.

## II. LEGAL STANDARD

      A magistrate judge may conduct all proceedings upon the consent of all the parties in a civil action. 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Federal Rule of Civil Procedure 73 provides that only "the district judge may vacate a referral to a magistrate judge." Fed. R. Civ. P. 73(b)(3). "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." 28 U.S.C. § 636(c)(4); *accord Branch v. Umphenour*, 936 F.3d 994, 1001–02 (9th Cir. 2019).

## III. DISCUSSION

      Plaintiff argues that his income and expenses should be kept under seal. Mot. at 2. Plaintiff further argues that a summons should be issued. *See id.*

      The Court finds that Plaintiff has failed to show good cause or extraordinary circumstances that warrant his withdrawal of consent to magistrate judge jurisdiction. Plaintiff's request is based on (1) his disagreement with the denial of his IFP application, (2) his disagreement with the unsealing of his IFP application, and (3) the magistrate judge's order requiring him to pay the filing fee before issuing summons. First, as Judge van Keulen explained in her Order Denying Motion to Disqualify; Unsealing and Denying Renewed Application to Proceed *in Forma Pauperis*, Dkt. No. 16, because Plaintiff's IFP application has been denied, he is not entitled to

United States District Court
Northern District of California

issuance of the summons unless and until he pays the filing fee. *Id.* at 6–7.  Second, Plaintiff may disagree with the magistrate judge's rulings regarding his IFP applications, but such disagreement is insufficient to show "extraordinary circumstances" justifying withdrawal of consent. *See Branch*, 936 F.3d at 1004 (noting that "[n]either mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice" to meet the requirement for withdrawal of magistrate judge jurisdiction).  Further, the Court notes that Plaintiff neither filed a motion to seal his IFP applications under Civil Local Rule 79-5 nor demonstrated that the standards for sealing have been met.  Thus, Plaintiff has failed to show how the magistrate judge "violated Plaintiff[']s privacy" by not keeping the applications under seal. *See* Mot. at 2.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Withdraw the Consent to Magistrate Judge (Dkt. No. 17) is DENIED.  The Court returns this case to Judge van Keulen for further proceedings.

**IT IS SO ORDERED.**

Dated:  July 7, 2025

_____
BETH LABSON FREEMAN, as Duty Judge
United States District Judge