UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONID FIRSOV, MINOR, BY & THROUGH PARENT SERGEY FIRSOV, <br><br>Plaintiff, <br><br>v. <br><br>CHURCH OF SCIENTOLOGY OF SILICON VALLEY, et al., <br><br>Defendants. | Case No. 25-cv-03265-SVK <br><br>**ORDER RE-SETTING FEE DEADLINE; DENYING ISSUANCE OF SUMMONS; DENYING SEALING OF IFP APPLICATION** <br><br>Re: Dkt. No. 20 |

Minor plaintiff L.F. initiated this action through his parent Sergey Firsov[1] against the Church of Scientology of Silicon Valley and the Church of Scientology Mission of Silicon Valley. Dkt. 1. This Court previously denied Plaintiff's applications to proceed *in forma pauperis* ("IFP") and ordered Plaintiff to pay a filing fee. Dkt. 16. The fee deadline was thereafter stayed pending Plaintiff's Motion to Withdraw Consent, (*see* Dkts. 17, 19), which was denied by the Honorable Beth L. Freeman on July 7, 2025, (Dkt. 22). Before the Court is Plaintiff's Motion seeking to compel issuance of the summons and sealing of Plaintiff's. Dkt. 20 (the "Motion"). Having considered Plaintiff's submission and the relevant law, the Court **DENIES** the Motion and **resets the fee deadline as set forth below**.

**I.    MOTION TO COMPEL ISSUANCE OF SUMMONS**

On June 6, 2025, this Court denied with prejudice Plaintiff's renewed IFP applications. Accordingly, no summons has been issued in this case. Plaintiff argues that, "from day ONE," the Court has been in violation of its duty to issue the summons. Dkt. 20 at 2. Plaintiff's only support for this argument is that a summons was issued on June 4, 2025 in one of Plaintiff's parent's

---

[1] The Complaint styles Mr. Firsov as Plaintiff's "parent & guardian *ad litem*." *See* Dkt. 1. That distinction is irrelevant for the purposes of this Order.

1  cases, *Firsov v. Western Union* (No. 25-cv-04727), without payment. *Id.* at 2.

2  Plaintiff's argument is mistaken: "It is the filing of the complaint that triggers Plaintiff's ability to present a summons to the clerk for signature and seal." *Firsov v. JetBlue Airways Corp.*, No. 25-cv-03387-RFL (TSH), Dkt. 22 at 2 (quoting *Gates-Middleton v. Guaranteed Rate, Inc.*, 2022 WL 479497, at *3 (D. Nev. Jan. 12, 2022) (citing Fed. R. Civ. P. 4(b)), *report and recommendation adopted* at Dkt. 26. A summons may be issued in error, and such errors may be corrected. *See, e.g.*, *Firsov v. Moneygram Payment Sys., Inc.*, No. 25-cv-4726-SVK, Dkts. 6, 8 (summons issued in error and corrected to a proposed summons). The undersigned does not control the dockets of her distinguished colleagues. Nonetheless, because Plaintiff has not paid the filing fee and his IFP application was not granted, he is "not entitled to have summons issued." *Firsov v. JetBlue Airways.*, No. 25-cv-03387-RFL (TSH), Dkt. 22 at 2 (quoting *Gates-Middleton*, 2022 WL 479497, at *3); *see also* Dkt. 22 in this Action (Judge Freeman explaining that "because Plaintiff's IFP application has been denied, he is not entitled to issuance of the summons unless and until he pays the filing fee.").

Accordingly, Plaintiff's request for issuance of a summons at this time is **DENIED**.

## II.   MOTION TO SEAL PLAINTIFF'S IFP APPLICATIONS

Plaintiff also moves to seal his IFP applications. Dkt. 20. The Court previously declined to seal Plaintiff's IFP applications, noting that Plaintiff had not filed a motion to have them sealed. Dkt. 16 at 5. However, recognizing its due to construe Plaintiff's filings liberally, the Court also addressed the merits of Plaintiff's sealing request in the alternative. *Id.* at 5-6. The Court reiterates that "sealing motions must be narrowly tailored to seek sealing only of sealable material. … Merely stating that a party designated material as confidential is insufficient by itself to seal a document." *Id.* (quoting *Comet Techs. USA, Inc. v. XP Power, LLC*, No. 20-cv-06408-NC, 2022 WL 2442808, at *1 (N.D. Cal. July 1, 2022)). Moreover, courts may deny requests to seal IFP applications in their entirety where the only justification proffered for sealing is that "the motion contains personal information." *Raiser v. City of Upland*, No. 11-cv-00465-RGK (RZ), 2014 WL 12696753, at *1 (C.D. Cal. Mar. 17, 2014) ("[V]irtually every lawsuit and IFP application contain some 'personal information,' but that alone is not grounds for sealing."). Accordingly, Plaintiff's

2

motion to seal is **DENIED**.

### III.   CONCLUSION AND FEE DEADLINE

Judge Freeman returned this case to the undersigned for further proceedings on July 7, 2025. Because this Court previously stayed the fee deadline, the Court now re-sets the deadline. Plaintiff must pay the fee by **July 14, 2025**. If he fails to do so, the Court will issue an order that this case be reassigned to a District Judge with a recommendation that the case be dismissed without prejudice.

**SO ORDERED.**

Dated: July 8, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge